# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0183, <u>In the Matter of Kathryn Scanlon and Levi Clairmont</u>, the court on May 9, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The respondent, Levi Clairmont, appeals a final parenting plan entered by the Circuit Court (<u>Cabrera</u>, J.), following a hearing, relative to a child he shares with the petitioner, Kathryn Scanlon.  On appeal, the respondent argues that, in determining the school district in which the child will attend school, the trial court erred by (1) determining that attending school in that district is in the child's best interest because it represents "more neutral 'turf'" for the child with respect to the parents' ongoing parenting disputes; (2) considering the child's commuting time from the parties' homes to certain schools that the child will attend in the future, and the extracurricular activities available at those schools, because, the respondent contends, the child's attendance at those schools is too remote in time; (3) allegedly not considering the child's relative commuting times to the competing schools he could attend at the present time; (4) allegedly not considering the purported "chaos" caused by having the child attend a school different than those schools attended by other children currently under the care of the respondent; (5) allegedly not considering all the relevant factors under RSA 461-A:6 (Supp. 2023); and (6) incorrectly checking a box on the form parenting plan stating that the child's legal residence for purposes of school attendance was undisputed.  We affirm.

At the outset, we agree with the petitioner that, by failing to raise the second, third, fourth, and sixth issues in his motion for reconsideration, the respondent has failed to preserve those issues for appellate review.  "[W]hen an error first appears in the trial court's final order, it must be raised in a motion for reconsideration to preserve it for appellate review."  <u>In the Matter of Neal & Digiulio</u>, 170 N.H. 671, 680 (2018); <u>see</u> <u>also</u> <u>Fam. Div. R.</u> 1.26(F) ("To preserve issues for an appeal to the Supreme Court, an appellant must have given the Court the opportunity to consider such issues; thus, to the extent that the Court, in its decision, addresses matters not previously raised in the case, a party must identify any alleged errors concerning those matters in a motion [for reconsideration] under this rule to preserve such issues for appeal.").  Moreover, with respect to the sixth issue, it is clear from the trial court's narrative order that it understood the child's legal residence for purposes of school attendance to be disputed.  Accordingly, we construe the checking of the

box in the form order stating that the issue was undisputed as a nonprejudicial scrivener's error.  Cf. In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (stating that interpretation of trial court order is a question of law, which we review de novo).

As the appealing party, the respondent has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned narrative order, the respondent's arguments, the relevant law, and the record submitted on appeal, we conclude that the respondent has not demonstrated that the trial court unsustainably exercised its discretion in determining the school district that the child will attend.  See id.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2